**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF COLTON PETERSON; et al., | No.    14-35682 |
| Plaintiffs - Appellees, | D.C. No. 2:09-cv-00123-DLC |
| v. | |
| DAVID KRUEGER, Missoula Police Detective, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| CITY OF MISSOULA, Montana; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted March 6, 2017
Portland, Oregon

Before:  FISHER and FRIEDLAND, Circuit Judges, and MAHAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Detective David Krueger challenges the district court's denial of his motion for summary judgment based on qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the district court's decision denying qualified immunity and hold that Krueger is entitled to qualified immunity because the law was not clearly established at the time of the violation.

1. The district court denied Krueger's motion for summary judgment based on qualified immunity, finding that the contours of the law were sufficiently clear that Krueger may be said to have been on notice that his conduct was unlawful. The United States Supreme Court recently reiterated "the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). "[T]he clearly established law must be 'particularized' to the facts of the case." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The district court erred in failing to identify a case where an officer acting under similar circumstances as Krueger was held to have violated the Fourteenth Amendment. Instead, the district court relied on *Munger v. City of Glasgow Police Department*, 227 F.3d 1082 (9th Cir. 2000), *Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006), and *Patel v. Kent School District*, 648 F.3d 965 (9th Cir. 2011), which lay out the state-created danger exception in markedly different circumstances and are applicable to this case only at a high level of generality.

Accordingly, we conclude that summary judgment based on qualified immunity was warranted because the law was not clearly established at the time of the alleged conduct.  *See White*, 137 S. Ct. at 552.

2.  Because we hold that Krueger is entitled to qualified immunity, we do not consider whether the alleged conduct constituted a constitutional violation.

**REVERSED.**